ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

December 20, 2007

The Honorable Armando R. Villalobos
Cameron County District Attorney
974 East Harrison Street
Brownsville, Texas 78520

Opinion No. GA-0585

Re: Whether article XI, section 11 of the Texas Constitution prevails over the Harlingen City Charter regarding the filling of vacancies on the city commission (RQ-0594-GA)

Dear Mr. Villalobos:

You state that "[a]n issue has arisen in the City of Harlingen regarding the filling" of a vacant position on the Harlingen City Commission.[1] You ask whether article XI, section 11 of the Texas Constitution prevails over the Harlingen City Charter's provisions about the filling of such a vacancy. See Request Letter, supra note 1, at 1.

The City of Harlingen, a home-rule municipality, is governed by a city commission comprising five city commissioners and a mayor. See HARLINGEN, TEX., CITY CHARTER art. IV, § 1 (2006);[2] see also Tex. Att'y Gen. Op. No. JM-0394 (1985) at 3 (stating that Harlingen is a home-rule municipality); http://www.myharlingen.us/chap5vis.htm (same). The city charter sets three-year terms for the commissioners and mayor. See HARLINGEN, TEX., CITY CHARTER art. IV, § 3 (2006). The city charter further specifies that three commissioners and either the mayor or the mayor pro tempore constitute a quorum. See id. art. V, § 2. The city charter does not provide an exception to the quorum requirement in the event of a vacancy on the commission. See generally id.

You indicate that Chris Boswell was elected and apparently sworn in as mayor of Harlingen in May 2007. See Request Letter, supra note 1, at 1. Prior to the May election, Mr. Boswell held the Place 4 position on the Harlingen City Commission. See id. No candidate running to fill the Place 4 position received a clear majority in the May election, and the city commission set June 23, 2007, as the date for a runoff election. See id.

_____

[1]Letter from Honorable Armando R. Villalobos, Cameron County District Attorney, to Honorable Greg Abbott, Attorney General of Texas, at 1 (June 18, 2007) (on file with the Opinion Committee, also available at http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]Available at http://www.myharlingen.us/ (last visited Dec. 19, 2007).

Under the Harlingen City Charter, a vacancy in a city commissioner's position that occurs "within ninety (90) days of the end of the term" shall be filled by majority vote of the city commission. *See* HARLINGEN, TEX., CITY CHARTER art. IV, § 4 (2006). After the May election and swearing in, the city commission apparently assumed that the Place 4 position was vacant and appointed an interim commissioner to fill the position until the winner of the runoff election was determined, thus (you assert) ensuring a quorum and the continuation of city business without interruption. *See* Request Letter, *supra* note 1, at 1–2. A citizen suggested, however, that article XI, section 11 of the Texas Constitution may preempt the city charter provision regarding the filling of vacancies. *See id.* at 2.

You ask about the correctness of the citizen's suggestion. *See id.* at 1. Although the runoff election has occurred and the winner has taken office,[3] you ask for guidance in light of "the likelihood that this situation could arise in the future." Request Letter, *supra* note 1, at 3. You do not ask, and we do not therefore consider, whether Place 4 was actually vacant in these circumstances. *See id.*

Article XI, section 11(a) of the Texas Constitution authorizes a home-rule municipality to lengthen its non-civil-service officers'[4] terms of office from two years to no more than four years, which the City of Harlingen, by setting three-year terms for city commissioners and the mayor, has done. *See* TEX. CONST. art. XI, § 11(a). A municipality that so lengthens non-civil-service officers' terms must elect members of its governing body and fill vacancies on the governing body in accordance with subsection (b):

> A municipality so providing a term exceeding two (2) years but not exceeding four (4) years for any of its non-civil service officers must elect all of the members of its governing body by a majority vote of the qualified voters in such municipality, and any vacancy or vacancies occurring on such governing body shall not be filled by appointment but must be filled by majority vote of the qualified voters at a special election called for such purpose within one hundred and twenty (120) days after such vacancy or vacancies occur.

*Id.* § 11(b).

---

[3] *See Bulletin: Leftwich defeats Zamora, 1,486-1,290*, Valley Morning Star, June 23, 2007, *available at* http://www .valleymorningstar.com (last visited Dec. 19, 2007).

[4] Article XI, section 11(a) provides "that tenure under Civil Service shall not be affected" by article XI, section 11's provisions. TEX. CONST. art. XI, § 11. Article XI, section 11 is thus inapplicable to fire fighters, police officers, and others who are civil-service employees under Local Government Code section 143.005. *See* TEX. LOC. GOV'T CODE ANN. § 143.005(a) (Vernon Supp. 2007). Local Government Code chapter 143 authorizes certain municipalities to establish a civil-service system to cover its fire fighters and police officers. *See* TEX. LOC. GOV'T CODE ANN. §§ 143.001–.363 (Vernon 1999 & Supp. 2007) (chapter 143).

Your letter appears to suggest that section 11(b) applies only where, by operation of article XVI, section 65 of the constitution, an officer automatically resigns from office by becoming a candidate for another office with more than one year remaining in the officer's term. *See* Request Letter, *supra* note 1, at 2–3. Section 11(a) provides, as a limitation on the authority of a home-rule municipality to lengthen its non-civil-service officers' terms of office, that "such officers . . . are subject to Section 65(b), Article XVI, of this constitution, providing for automatic resignation in certain circumstances, in the same manner as a county or district officer to which that section applies." TEX. CONST. art. XI, § 11(a); *see also id.* art. XVI, § 65(b) (providing that if an officer becomes a candidate for an office of profit or trust other than the office then held at any time when the unexpired term of the office then held exceeds one year, the officer automatically resigns the office then held). Because Mr. Boswell apparently did not become a candidate for mayor with more than a year remaining in his term as city commissioner, you indicate that section 11(b)'s special election requirement would not apply. *See* Request Letter, *supra* note 1, at 2; Daisy Martinez, *Boswell wins: 3-term commissioner Harlingen's next mayor*, Valley Morning Star, May 13, 2007; Daisy Martinez, *Boswell only candidate to officially file*, Valley Morning Star, Feb. 20, 2007;[5] *see also* TEX. CONST. art. XI, § 11(a) (providing that if a home-rule municipality extends terms of office beyond two years, the officeholders are subject to article XVI, section 65 of the constitution in the same manner as a county or district officer); *id.* art. XVI, § 65(b) (providing that a county or district officer who becomes a candidate for another office of profit or trust under this state or the United States "at any time when the unexpired term of the office then held shall exceed one (1) year" automatically resigns the office then held).

Under section 11's plain language, section 11(b) applies to all vacancies occurring on the governing body of a municipality that has lengthened terms of office under section 11(a), and not only to those vacancies caused by operation of article XVI, section 65. *See Doody v. Ameriquest Mortgage Co.*, 49 S.W.3d 342, 344 (Tex. 2001) ("When interpreting our state constitution, we rely heavily on its literal text and must give effect to its plain language." (citing *Stringer v. Cendant Mortgage Corp.*, 23 S.W.3d 353, 355 (Tex. 2000); *Republican Party of Tex. v. Dietz*, 940 S.W.2d 86, 89 (Tex. 1997)). Very few cases or attorney general opinions construe article XI, section 11. *See* Tex. Att'y Gen. Op. No. JC-0318 (2000) at 3 (stating that very few cases or attorney general opinions construe article XI, section 11); *see also* TEX. CONST. art. XVI, § 65 (providing that an officer, not including a member of a city governing body, who becomes a candidate for another office with more than one year left in the term of the first office automatically resigns the first office). In at least one official election law opinion, the Texas Secretary of State indicates that article XI, section 11(b) applies to vacancies other than those created by virtue of the constitution's automatic-resignation provision. *See* Op. Tex. Sec'y State No. MAM-1 (1984) at 1–2; *see also* TERRELL BLODGETT, TEXAS HOME RULE CHARTERS 69 (1994) (stating that article XI, section 11(b) requires all municipalities with three- or four-year terms to fill "all vacancies by election"); 2 GEORGE D. BRADEN ET AL., THE CONSTITUTION OF THE STATE OF TEXAS: AN ANNOTATED AND COMPARATIVE ANALYSIS 700 (1977) (listing as one of the consequences of a municipality extending the terms longer than two years under article XI, section 11 that "[v]acancies on the governing body must be filled by election (rather than appointment) within 120 days after the vacancy occurs").

---

[5] Both articles *available at* www.valleymorningstar.com (last visited Dec. 19, 2007).

A city charter may not be inconsistent with the constitution. *See* TEX. CONST. art. XI, § 5 (prohibiting a city charter from containing "any provision inconsistent with the Constitution"); Tex. Att'y Gen. Op. No. GA-0217 (2004) at 5 (citing article XI, section 5 of the Texas Constitution). More particularly, article XI, section 11(b) "prevails over a provision in a home-rule city charter." *See* Tex. Att'y Gen. Op. No. JC-0318 (2000) at 5.

Accordingly, article XI, section 11(b) of the Texas Constitution prevails over the Harlingen City Charter provision. The Harlingen City Commission may not fill a vacancy on the commission that occurs "within ninety (90) days of the end of the term" by majority vote of the city commission as the city charter directs. *See* HARLINGEN, TEX., CITY CHARTER art. IV, § 4 (2006). Rather, the vacancy must be filled "by majority vote of the qualified voters at a special election called for such purpose within one hundred and twenty (120) days after" the vacancy occurs. TEX. CONST. art. XI, § 11(b).

## S U M M A R Y

Article XI, section 11(b) of the Texas Constitution requires a municipality that has lengthened its non-civil service officers' terms of office to fill a vacancy by majority vote of the qualified voters at a special election. This constitutional requirement prevails over an inconsistent city charter provision.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ANDREW WEBER
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee